Neil Merkl
Eric B. Post
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: nmerkl@kelleydrye.com
       epost@kelleydrye.com

*Attorneys for Defendant*
*John Hancock Life Insurance Company (U.S.A.)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKSHIRE SETTLEMENTS, INC., A Georgia Corporation, and CHURCH STREET NOMINEES LTD. An Isle of Man Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDER ASHKENAZI, An Individual and as Trustee for HALPERT ALEXANDER TRUST, A New York Trust, MALI HALPERT, an Individual, and CAMBRIDGE LIFE SETTLEMENTS, LLC A New York Corporation,<br><br>Defendants. | No: 09-CV-00006 (FB) (JO)<br><br>**DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS CLAIMS**<br><br>**(Jury Trial Demanded)** |

Defendant John Hancock Life Insurance Company, now operating as John Hancock Life Insurance Company (U.S.A.) ("Hancock"), by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer to plaintiffs' Third Amended Complaint (the "Complaint") states as follows:

1. Admits that the Complaint purports to bring an action for money damages in excess of $75,000 and other relief but denies that plaintiffs' claims against Hancock have any merit and that plaintiffs are entitled to damages or other relief.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that the former John Hancock Life Insurance Company, a Massachusetts insurance company, now operates as John Hancock Life Insurance Company (U.S.A.), a Michigan insurance company.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that Hancock issued an individual universal life insurance policy on the life of Mali Halpert, Policy # UL 1418490, with an issue date of June 13, 2005.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and refers the Court to the referenced exhibit for a complete and accurate statement of its terms.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint and refers the Court to the referenced exhibits for a complete and accurate statement of their terms.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admits that Hancock received a $275,000 check purporting to be a Policy premium payment, which amount was later returned, and denies the allegation that this check would "cover the next premium due on the Policy."

23. Denies the allegations in paragraph 23 of the Complaint except admits that Hancock received a $275,000 check purporting to be a Policy premium payment, which amount was later returned.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint except admits that one or more checks purporting to be for Policy premium payments to Hancock were returned for insufficient funds.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint and refers the Court to the Policy for a complete and accurate statement of its terms.

28. Denies the allegations contained in paragraph 28 of the Complaint except admits that the Policy has not been reinstated.

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert – Common Law Fraud)

29. Restates and realleges each of the allegations and responses made in paragraphs 1 through 28 of this Answer, in response to the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert – Breach of Contract)

35. Restates and realleges each of the allegations and responses made in paragraphs 1 through 34 of this Answer, in response to the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert – Conversion)

39. Restates and realleges each of the allegations and responses made in paragraphs 1 through 38 of this Answer, in response to the allegations contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Hancock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

## AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

### (Against Hancock – Negligent Misrepresentation)

42. Restates and realleges each of the allegations and responses made in paragraphs 1 through 41 of this Answer, in response to the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

### (Against Hancock – Declaratory Judgment)

48.     Restates and realleges each of the allegations and responses made in paragraphs 1 through 47 of this Answer, in response to the allegations contained in paragraph 48 of the Complaint.

49.     Admits that the plaintiffs purport to seek the declaratory relief described in paragraphs 49(a) through 49(d) of the Complaint but denies that plaintiffs' claims have any merit and that plaintiffs are entitled to the relief requested.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraphs 57(i) through 57(iv) of the Complaint.

58.     Denies the allegations contained in paragraphs 58(i) through 58(ii) of the Complaint.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION

### (Against Cambridge – Negligence)

59. Restates and realleges each of the allegations and responses made in paragraphs 1 through 58 of this Answer, in response to the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64. Plaintiffs are not entitled to relief because they have not suffered any harm or incurred any damages as a result of any actions by Hancock.

## THIRD AFFIRMATIVE DEFENSE

65. To the extent Plaintiffs are found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by the contributory negligence and/or other culpable action or inaction of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

66. To the extent Plaintiffs are found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by the contributory negligence and/or other culpable action or inaction of Plaintiffs acting in concert with others.

### FIFTH AFFIRMATIVE DEFENSE

67. To the extent Plaintiffs are found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by third parties.

### SIXTH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

69. Plaintiffs claims are barred in whole or in part because plaintiffs were not in privity of contract with Hancock.

### EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiffs are not entitled to equitable relief because they have unclean hands.

### NINTH AFFIRMATIVE DEFENSE

71. Hancock has performed and satisfied all of its obligations under the Policy.

### TENTH AFFIRMATIVE DEFENSE

72. One or more plaintiffs is not a real party in interest.

### ELEVENTH AFFIRMATIVE DEFENSE

73. Plaintiffs have failed to join one or more parties required to be joined and such failure prejudices Hancock and could create a substantial risk of inadequate, multiple or inconsistent judgments.

## CROSSCLAIMS

Defendant/Crossclaimant John Hancock Life Insurance Company, now operating as John Hancock Life Insurance Company (U.S.A.) ("Hancock"), by and through its undersigned counsel, as and for its crossclaims (the "Crossclaims") against crossclaim defendants Alexander Ashkenazi ("Ashkenazi") an individual and as trustee for the Halpert Alexander Trust (the "Trust"), the Trust, Mali Halpert ("Halpert"), and Cambridge Life Settlements, LLC ("Cambridge") alleges as follows:

### Parties

1. Upon information and belief, Ashkenazi is a citizen and resident of the State of New York, County of Kings and is trustee of the Trust.

2. Upon information and belief, the Trust is a New York trust domiciled at 1426 57th Street, Brooklyn, New York.

3. Upon information and belief, Halpert is a citizen and resident of the State of New York, County of Kings.

4. Upon information and belief, Cambridge is a New York Limited Liability Company doing business in Brooklyn, New York and is a citizen of New York.

5. Ashkenazi, the Trust, Halpert and Cambridge are referred to herein collectively as the "Crossclaim Defendants"

6. Hancock is a Michigan insurance company with its principal place of business in Boston, Massachusetts.

### Jurisdiction and Venue

7.  To the extent the Court already has subject matter jurisdiction over Plaintiffs' Complaint, the Court has supplemental jurisdiction over Hancock's Crossclaims under 28 U.S.C. §1367(a).

8.  Venue is proper in this District, pursuant to 28 U.S.C. § 1391 because Ashkenazi and Halpert reside in Brooklyn, New York, the Trust is a New York Trust, Cambridge is a New York Limited Liability Corporation, and a substantial part of the events or omissions giving rise to the Crossclaims occurred in this District.

### Facts Common to All Crossclaims

9.  On or about June 13, 2005, Hancock issued a life insurance policy on the life of Halpert, the insured, policy no. UL 1418490 (the "Policy"). The policy application documents identified the Trust as the owner of the policy and Ashkenazi as the Trustee.

10. On September 21, 2009, Berkshire Settlements, Inc. ("Berkshire") and Church Street Nominees, Ltd. ("CSN") (together, the "Plaintiffs") filed a Third Amended Complaint in this action (the "Complaint") against Ashkenazi, the Trust, Halpert, Cambridge and Hancock. The Complaint alleges that sometime after June 13, 2007, Ashkenazi and Halpert placed the Policy with Cambridge to broker in a life settlement transaction; that on or about March 4, 2008, Berkshire began negotiations concerning the purchase of the Policy through Cambridge; and that Berkshire entered into a "Life Settlement Agreement" with Ashkenazi and Halpert for the right to purchase the Policy.

11. As more fully set forth in the Complaint, Plaintiffs allege that: (a) "one or more of the transactional documents contain the forged or unauthorized signature(s) of Halpert despite being notarized as authentic by the Cambridge notary"; that Cambridge had a duty to ensure that

the documents it submitted to Berkshire were correct and contained genuine signatures; and that Plaintiffs have been damaged "[a]s a direct and proximate result of Cambridge's failure"; (b) Ashkenazi and Halpert "misrepresented" facts to Hancock when applying for the Policy; (c) Ashkenazi and Halpert misrepresented that certain premium payments were made to Hancock; (d) Berkshire proceeded towards closing on the Policy "as a result of… Ashkenazi and Halpert's representations"; (e) "Ashkenazi and Halpert had a history of passing bad checks to Hancock"; (f) "Ashkenazi and Halpert intended to induce the Plaintiffs to purchase [the Policy] by making knowingly false representations that the premium was paid and the Policy was in good standing", and that plaintiffs "relied upon the intentionally false and misleading representations by Ashkenazi and Halpert and completed the purchase of the Policy"; (g) that plaintiffs were damaged "As a direct and proximate result of the material misrepresentations by Ashkenazi and Halpert"; (h) "Ashkenazi and Halpert breached the [Life Settlement] Agreement by failing to transfer a valid interest in the Policy as was agreed"; and (i) "the Trust, Ashkenazi and Halpert converted $900,000 that was then the property of Plaintiffs."

12. The Complaint also asserts claims for "Negligent Misrepresentation" and declaratory relief that Hancock, among other things, breached the terms of the Policy.  Hancock Hancock denies any liability whatsoever to plaintiffs and the other defendants.

13. To the extent there is any liability to plaintiffs in this action, all such liability belongs to and should be borne by Crossclaim Defendants Ashkenazi, The Trust, Halpert, Cambridge, and/or third parties, jointly and severally.

14. Each time Crossclaim Defendants signed, sent or authorized the issuance of a check or other instrument purporting to be a premium payment to Hancock for the Policy, or had knowledge of the same, Crossclaim Defendants expressly and impliedly represented to Hancock,

either intentionally, recklessly or negligently, that such check or instrument constituted a valid premium payment and was backed by good and sufficient funds.

15. One or more checks or other instruments purporting to be a premium payment to Hancock on the Policy was not backed by good and sufficient funds and was dishonored subsequent to the date it was received by Hancock.

16. At least prior to receiving notification from the bank that a particular payment was dishonored, Hancock relied upon and was entitled to rely upon the representations of Counterclaim Defendants with respect to that payment, including for the purpose of providing information to Plaintiffs or other third parties concerning the Policy, premium payments, and related information, and such reliance was justified and reasonable.

17. On or about March 4, 2008, Ashkenazi executed an "Authorization to Release Policy Information" expressly authorizing Hancock to release to Berkshire and its assigns and servicing agents information concerning the Policy. Thus, Crossclaim Defendants, understood, intended and knew that Hancock would rely on their representations to Hancock, including checks purporting to be premium payments, in conveying information to Plaintiffs concerning the Policy.

18. Crossclaim Defendants owed contractual and/or other duties to Hancock and/or to Plaintiffs to be accurate and truthful in providing information to them in connection with the Policy and the Life Settlement Agreement. Crossclaim Defendants breached these duties to Plaintiffs and/or Hancock. As a result, Hancock has suffered damages, including costs and attorneys fees in defending against Plaintiffs' claims and defendants' crossclaims.

## FIRST CROSSCLAIM

### (Indemnity Against Ashkenazi, The Trust, Halpert and Cambridge)

19. Hancock restates and realleges each of the allegations made in paragraphs 1 through 18 of its Crossclaims as if fully set forth herein.

20. Hancock denies making any false or misleading statements to Plaintiffs concerning the Policy or otherwise. Hancock further denies any liability whatsoever to plaintiffs or any party arising from or related to the allegations in Plaintiffs' Complaint, including any and all future claims or crossclaims that may hereafter be asserted.

21. However, if Hancock is determined to be liable, any liability actually belongs to Crossclaim Defendants Ashkenazi, The Trust, Halpert and Cambridge, or third parties, jointly and severally, and Hancock demands indemnification from Crossclaim Defendants Ashkenazi, The Trust, Halpert and Cambridge for the amount of any judgment against Hancock.

## SECOND CROSSCLAIM

### (Contribution Against Ashkenazi, The Trust, Halpert and Cambridge)

22. Hancock restates and realleges each of the allegations made in paragraphs 1 through 21 of its Crossclaims as if fully set forth herein.

23. Hancock denies any liability whatsoever to Plaintiffs or any party arising from or related to the allegations in plaintiffs' Complaint, including any and all future claims or crossclaims that may hereafter be asserted.

24. However, if Hancock is determined to be liable, it demands contribution from Crossclaim Defendants Ashkenazi, The Trust, Halpert and Cambridge based on their actions, inactions, negligence, recklessness, misrepresentations, fraud and/or other conduct, including but not limited to their actions alleged in Plaintiffs' Complaint.

## THIRD CROSSCLAIM

### (Common Law Fraud Against Ashkenazi and The Trust)

25.  Hancock restates and realleges each of the allegations made in paragraphs 1 through 24 of its Crossclaims as if fully set forth herein.

26.  In or about May 2008, and upon information and belief at other times, Ashkenazi and the Trust intentionally and deliberately made material, false representations to Hancock, including but not limited to representations that checks purportedly constituting premium payments on the Policy were backed by good and sufficient funds.

27.  Ashkenazi and the Trust had contractual and other duties to be accurate and truthful in their dealings with and representations to Hancock.

28.  Hancock relied upon and was entitled to rely upon the representations of Ashkenazi and the Trust, including for the purpose of providing information to Plaintiffs or other third parties concerning the Policy, premium payments, and related information, and such reliance was justified and reasonable.

29.  Hancock has been damaged by Ashkenazi's and the Trust's false and misleading representations in an amount to be determined at trial.

### JURY DEMAND

Hancock demands a trial by jury on all issues, claims and crossclaims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant/Crossclaimant John Hancock Life Insurance Company requests that the Court enter a Judgment as follows:

    a.  dismissing plaintiffs' Complaint against it in its entirety with prejudice;

    b.  awarding Hancock costs, disbursements and attorneys fees;

      c.      against Crossclaim Defendants Ashkenazi, the Trust, Halpert and Cambridge as to its Crossclaims;

      d.      awarding Hancock costs, disbursements and attorneys fees on its Crossclaims; and

      e.      such other further relief as the Court deems just and proper.

Dated: New York, New York
       October 6, 2009

KELLEY DRYE & WARREN LLP

By: _____
    Neil Merkl
    Eric B. Post
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: epost@kelleydrye.com
         nmerkl@kelleydrye.com
*Attorneys for Defendant*
*John Hancock Life Insurance Company (U.S.A.)*

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2009, I caused to be served the attached DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIMS in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Charles P. Randall, Esq.
1200 N. Federal Hwy., #209
Boca Raton, FL 33432
Tel: (561) 750-5050
Fax: (561) 750-7272
Email: chuck@cprattorney.com
*Counsel for Plaintiffs*

William Watt Waldner, Esq.
Law Office of William Waldner
989 Avenue of the Americas, 4th Floor
New York, NY 10018
Tel: (212) 244-2882
Fax: (212-999-6694
Email: william@waldnerlaw.com
*Co-counsel for Plaintiffs*

Robert L. Rimberg, Esq.
Joseph A. Grob, Esq.
Goldberg & Rimberg, PLLC
115 Broadway, 3rd Floor
New York, NY 10004
Tel: (212) 697-3250
Fax: (212)227-4533
Email: rlr@grlawpllc.com
       joeg@grlawpllc.com
*Counsel for Defendant Mali Halpert*

Alexander Ashkenazi
1426 57th Street
Brooklyn, NY 11219

*Crossclaim Defendant*

Halpert Alexander Trust
c/o Alexander Ashkenazi, Trustee
1426 57th Street
Brooklyn, NY 11219

*Crossclaim Defendant*

Dated: October 6, 2009

Eric B. Post
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178