Robert L. Rimberg, Esq. (RLR2453)
Joseph A. Grob, Esq. (JAG 7975)
GOLDBERG & RIMBERG PLLC
115 Broadway – 3rd Floor
New York, New York 10006
Phone: (212)697-3250

*Attorneys for Defendant*
 *Mali Halpert*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
```
BERKSHIRE SETTLEMENTS, INC.,                      :
A Georgia Corporation, and                        :
CHURCH STREET NOMINEES, LTD.                      :        **ECF CASE**
A Cayman Islands Corporation,                     :
                                                  :
                              Plaintiffs,         :        CASE NO.: 09-CV-0006 (FB) (JO)
                                                  :
              -v.-                                :
                                                  :
ALEXANDER ASHKENAZI, an individual and as         :
Trustee for HALPERT ALEXANDER TRUST, a            :
New York Trust, MALI HALPERT, an individual,      :
JOHN HANCOCK LIFE INSURANCE                       :
COMPANY, A Foreign Corporation, and               :
CAMBRIDGE LIFE SETTLEMENTS,                       :
A New York Corporation,                           :
                              Defendant           :
                                                  :
```
------------------------------------------------------------ x
```

### DEFENDANT MALI HALPERT'S AMENDED ANSWER TO
### PLAINTIFFS' THIRD AMENDED COMPLAINT,
### AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSSCLAIMS

Defendant Mali Halpert, by her attorneys, Goldberg & Rimberg PLLC, for her answer to

the third amended Complaint in this action, respectfully states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the third amended complaint, except admits that plaintiffs

contend that they are seeking over $75,000 in damages.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the third amended complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the third amended complaint, except admits that she is subject to the personal jurisdiction of this Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the third amended complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the third amended complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the third amended complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the third amended complaint.

8. Admits that Mali Halpert is an individual residing in Brooklyn, New York, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the third amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the third amended complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the third amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the third amended complaint.

12.     Denies the allegations contained in paragraph 12 of the third amended complaint.

13.     Denies the allegations contained in paragraph 13 of the third amended complaint and respectfully refers this Court to the Policy of Insurance Issued by Hancock on the life of Mali Halpert for its meaning and terms.

14.     Denies the allegations contained in paragraph 14 of the third amended complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the third amended complaint, except admits, upon information and belief, defendant Halpert's signature was forged on transactional documents related to sale of the Policy to Plaintiffs.

16.     Denies the allegations contained in paragraph 16 of the third amended complaint.

17.     Denies the allegations contained in paragraph 17 of the third amended complaint.

18.     Denies the allegations contained in paragraph 18 of the third amended complaint.

19.     Denies the allegations contained in paragraph 19 of the third amended complaint

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the third amended complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the third amended complaint, except denies making any representations to Plaintiffs.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the third amended complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the third amended complaint.

24.     Denies the allegation contained in the first sentence of paragraph 24 of the third

amended complaint.  Defendant Halpert denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the balance of paragraph 25 of the third amended complaint.

25.     Denies the allegation contained in the first sentence of paragraph 25 of the third amended complaint.  Defendant Halpert denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the balance of paragraph 25 of the third amended complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the third amended complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the third amended complaint and respectfully refers this Court to the documents referenced therein for their content, meaning and terms.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the third amended complaint.

FIRST CAUSE OF ACTION AGAINST THE
TRUST, ASHKENAZI AND HALPERT
(Common Law Fraud)

29.     With respect to paragraph 29 of the third amended complaint defendant Halpert

repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if

fully set forth herein.

30.     Denies the allegations contained in paragraph 30 of the third amended complaint.

31.     Denies the allegations contained in paragraph 31 of the third amended complaint.

32.     Denies the allegations contained in paragraph 32 of the third amended complaint.

33.     Denies the allegations contained in paragraph 33 of the third amended complaint.

34.     Denies the allegations contained in paragraph 34 of the third amended complaint.

SECOND CAUSE OF ACTION AGAINST THE
TRUST, ASHKENAZI AND HALPERT
(Breach of Contract)

35.     With respect to paragraph 35 of the third amended complaint, defendant Halpert

repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if

fully set forth herein.

36.     Denies the allegations contained in paragraph 36 of the third amended complaint.

37.     Denies the allegations contained in paragraph 37 of the third amended complaint.

38.     Denies the allegations contained in paragraph 38 of the third amended complaint.

THIRD CAUSE OF ACTION AGAINST THE
TRUST, ASHKENAZI AND HALPERT
(Conversion)

39.     With respect to paragraph 39 of the third amended complaint, defendant Halpert

repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if

fully set forth herein.

40.     Denies the allegations contained in paragraph 40 of the third amended complaint.

41.     Denies the allegations contained in paragraph 41 of the third amended complaint.

FOURTH CAUSE OF ACTION
AGAINST JOHN HANCOCK
(Negligent Misrepresentation)

42.     With respect to paragraph 42 of the third amended complaint, defendant Halpert repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the third amended complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the third amended complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the third amended complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the third amended complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the third amended complaint.

FIFTH CAUSE OF ACTION
AGAINST JOHN HANCOCK
(Declaratory Judgment)

48.     With respect to paragraph 48 of the third amended complaint, defendant Halpert repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 49 of the third amended complaint, but admits that plaintiffs appear to be seeking a declaratory judgment against defendant Hancock.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the third amended complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the third amended complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the third amended complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the third amended complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the third amended complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the third amended complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the third amended complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the third amended complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the third amended complaint.

FIFTH CAUSE OF ACTION
AGAINST DEFENDANT CAMBRIDGE
(Negligence)

59.    With respect to paragraph 59 of the third amended complaint, defendant Halpert

repeats and realleges her responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the third amended complaint, but admits that plaintiffs appear to be seeking a declaratory judgment against defendant Hancock.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the third amended complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the third amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63.     Plaintiffs asserted causes of action fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64.     Plaintiffs claims are barred, in whole or in part, by principles of estoppel, waiver, and in pari delicto.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65.     To the extent that Plaintiffs' allegations attempt to assert a cause of action for fraud, plaintiffs have failed to set forth the allegations of fraud with the specificity required by Fed. R. Civ. P. 9.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66.     To the extent that plaintiffs' allegations attempt to assert a cause of action for fraud, defendant Halpert never made any representations or misrepresentations to plaintiffs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67.     To the extent that plaintiffs' allegations attempt to assert a cause of action for

fraud, plaintiffs were not entitled to reasonably rely on any representations or misrepresentations

made by defendant Halpert to defendant John Hancock.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68.     To the extent that plaintiffs' allegations attempt to assert a cause of action for

fraud, plaintiffs were not entitled to reasonably rely on any representations or misrepresentations

made by defendant Halpert.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69.     To the extent that plaintiffs arrest a cause of action for breach of contract against

defendant Halpert, defendant Halpert was not a party to any such contract.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70.     To the extent plaintiff's claims rest on alleged contractual obligations, no such

contractual obligations exist.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71.     Any alleged agreement at issue is void as there was no meeting of the minds.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72.     Plaintiffs failed to mitigate their damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

73.     To the extent that Plaintiffs assert a cause of action for conversion, defendant

Halpert never received anything of value from Plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

74.     Plaintiffs' damages, if any, were caused, in whole or in part, by the contributory

negligence or other culpable conduct of Plaintiffs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

75.    Plaintiffs' damages, if any, were caused, in whole or in part, by the contributory negligence or other culpable conduct of Plaintiffs acting with others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

76.    Plaintiffs' damages, if any, were caused, in whole or in part, by the negligence, fraud or other culpable conduct of others.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

77.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

78.    One or more plaintiffs is not a real party in interest.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiffs have failed to join one or more parties required to be joined and such failure prejudices defendant Halpert and could create a substantial risk of inadequate, multiple or inconsistent judgments.


### CROSSCLAIMS AND COUNTERCLAIMS

Defendant/Crossclaimant/Counterclaimant Mali Halpert ("Halpert"), by and through her undersigned counsel, as and for her counterclaim against Plaintiffs (the "counterclaim") and her crossclaims (the "crossclaims") against crossclaim defendants Alexander Ashkenazi ("Ashkenazi") an individual and as trustee for the Halpert Alexander Trust (the "Trust"), the Trust, defendant John Hancock  ("Hancock"), and defendant Cambridge Life Settlements, Inc.("Cambridge"), alleges as follows;

## PARTIES

1.      Defendant/Counterclaimant/Crossclaimant Mali Halpert (hereinafter "Halpert") is an individual residing in Brooklyn.

2.      Upon information and belief, Berkshire Settlements, Inc. (hereinafter "Berkshire"), is a Georgia corporation with its principal place of business in Atlanta, GA.

3.      Upon information and belief, Church Street Nominees (hereinafter "CSN") is a Cayman Islands corporation with its principal place of business in the Isle of Man.

4.      Upon information and belief, the Assured Fund (hereinafter "Assured") is a Cayman Islands corporation with its principal place of business in the Isle of Man.

5.      Upon information and belief, Policy Selection Limited ("PSL") is a Cayman Islands corporation with its principal place of business in the Isle of Man.

6.      Upon information and belief, PSL is an advisor and agent of Plaintiffs that advises plaintiffs on whether to purchase policies of insurance and at what price.

7.      Upon information and belief, Alexander Ashkenazi (hereinafter "Ashkenazi"), is an individual residing and doing business in Brooklyn, New York.  Upon information and belief, Ashkenazi is the creator and Trustee for a trust entitled the Halpert Alexander Trust.

8.      Upon information and belief, the Halpert Alexander Trust (hereinafter "Trust") is a New York Trust created by Ashkenazi.

9.      Upon information and belief, John Hancock Life Insurance Company (hereinafter "Hancock") is a Massachusetts insurance company authorized and doing business in Brooklyn, New York.

10.      Upon information and belief, Defendant Cambridge Life Settlements ("Cambridge") is a New York Corporation authorized to do business in New York.

11.     Upon information and belief, Hillel Schreiber and Moti Ganz are two of the principals of Cambridge.

12.     Upon information and belief, Cambridge, through Schreiber and Ganz have formed a relationship with Plaintiffs whereby Cambridge locates life insurance policies on elderly persons and targets those policies for life settlement and sale by or through Plaintiffs.

13.     Upon information and belief, Joseph Riegler ("Riegler"), is an individual residing in Brooklyn, New York, who works as an insurance broker.

14.     Upon information and belief, Joel Brach ("Brach"), is an individual residing in Brooklyn, New York, who works as an insurance broker.

15.     Upon information and belief, Borough Park Agency 515 (BP-515), is a licensed insurance brokerage agency located at 4915 16th Avenue, Brooklyn, New York.

16.     Upon information and belief, BPA-515 is an official Agent/Representative of defendant John Hancock.

17.     Upon information and belief, Riegler and Brach work for BPA-515 to facilitate the procurement of policies of insurance on the lives of others through defendant John Hancock.

18.     Upon information and belief, BPA-515 is and has been aware of all policies of insurance procured by Riegler and Brach on the life of Mali Halpert through BPA-515 offices.

## JURISDICTION AND VENUE

19.     To the extent the Court already has subject matter jurisdiction over Plaintiffs' Third amended Complaint, the Court has supplemental jurisdiction over Halpert's counterclaims and crossclaims pursuant to 28 U.S.C. §1367(a).

20.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391 because Ashkenazi and Halpert reside in Brooklyn, New York, the Trust is a New York Trust, and a substantial part

of the events or omissions giving rise to the crossclaims and counterclaims occurred in this

District.

### FACTS COMMON TO ALL COUNTERCLAIMS AND CROSSCLAIMS

21.     Upon information and belief, on or about June 13, 2005, Hancock issued Policy

#UL 1418490 (hereinafter the "Policy") containing a $5,000,000.00 death benefit payable upon

Halpert's death.

22.     Upon information and belief, Joseph Riegler and Joel Brach procured the Policy

on Halpert's life.

23.     Upon information and belief, in connection with the procurement of the Policy,

Ashkenazi, Riegler, Brach and /or others prepared documents for Halpert to execute including

but not limited to an application for an insurance policy which was submitted to Defendant

Hancock through BPA-515.

24.     Upon information and belief, when Ashkenazi, Riegler, Brach and /or others

prepared documents for defendant Halpert to sign, they placed, inter alia, the incorrect social

security number for defendant Mali Halpert on said documents.

25.     Upon information and belief, Ashkenazi, Riegler, Brach and /or others prepared

paperwork for Halpert to sign which placed the policy and/or any proceeds of the policy of

insurance into a Trust.

26.     Upon information and belief, the only child that defendant Halpert would have

authorized to be a beneficiary of any life insurance policy or trust would have been her son,

Yitzchok Halpert.

27.     Upon information and belief, between April 1, 2005 and March of 2008,

Ashkenazi, Riegler, Brach and or others either deliberately and unlawfully changed the name of

the designated beneficiary of the trust and placed the name Malka Schwartz on the trust

documents, or they improperly and unlawfully failed to show defendant Halpert the complete

trust document bearing the name Malka Schwartz as the beneficiary of the trust in an effort to

deceive Halpert.

28.    Upon information and belief, Ashkenazi, Riegler, Brach and /or others prepared

paperwork for Halpert to sign which listed a person named Malka Schwartz as the beneficiary of

the trust and which indicated that Malka Schwartz was Halpert's daughter.

29.    Upon information and belief, Ashkenazi, Riegler, and/or Brach prepared the

above referenced documents knowing full well that Halpert does not have any daughters.

30.    Upon information and belief, in or around March of 2008, Ashkenazi conspired to

form a joint venture with Cambridge to sell the Policy to plaintiffs without the knowledge,

permission or authorization of Halpert.

31.    Upon information and belief, on or about March 4, 2008, and in order to facilitate

the sale of the Policy to plaintiffs, Ashkenazi and others fraudulently and falsely, and without the

permission or knowledge of Halpert, affixed a forged signature bearing the name Mali Halpert to

a Life Settlement Purchase Agreement (hereinafter the "Agreement") in order to induce plaintiffs

to purchase the Policy without the knowledge, permission or authority of Mali Halpert.  A copy

of that Agreement is annexed as Exhibit C-a to plaintiffs' third amended complaint.

32.    Upon information and belief, when the application for the life settlement was

submitted by Ashkenazi to Cambridge and/or to Plaintiffs or plaintiffs representative, Plaintiffs

had actual and direct knowledge that there were multiple life insurance policies previously taken

out on the life of defendant Halpert through Riegler and others.  Upon information and belief,

Plaintiffs knew that there were multiple life insurance policies previously taken out on the life of

defendant Halpert because during November and December of 2007, plaintiffs had attempted

and/or expressed an interest in purchasing one or more of those policies with the assistance of

PSL.

      33.    Upon information and belief, and in furtherance of the conspiracy to defraud

Plaintiffs, on or about March 4, 2008, Ashkenazi and others fraudulently and falsely, and without

the permission or knowledge of Halpert, affixed a forged and false signature bearing the name

Mali Halpert to the following documents:

         a.    an "Escrow Agreement" necessary to complete the sale of the Policy to

              Berkshire and CSN (a copy of that Escrow Agreement is annexed as

              Exhibit C-b to the third amended complaint);

         b.    A document entitled "Authorization to Release and Disclose Medical

              Information" (a copy of that Authorization to Release and Disclose

              Medical Information is annexed as Exhibit C-c to the third amended

              complaint);

         c.    A document entitled "Authorization to Release and Disclose Medical

              Information and Limited Power of Attorney" (a copy of that Authorization

              to Release and Disclose Medical Information and Limited Power of

              Attorney is annexed as Exhibit C-d to the third amended complaint);

         d.    A document entitled "Primary Designee Contacts" (a copy of that Primary

              Designee Contacts form is annexed as Exhibit C-e to the third amended

              complaint);

e.   A document entitled "Acknowledgement Form For Life Settlements" (a copy of that Acknowledgement Form For Life Settlements form is annexed as Exhibit C-f to the third amended complaint);

f.   A document entitled "Disclosure" (a copy of that Disclosure form is annexed as Exhibit C-g to the third amended complaint);

34.   Additionally, upon information and belief, and in furtherance of the conspiracy to defraud Plaintiffs, on or about March 4, 2008, Ashkenazi and others fraudulently and falsely, and without the permission or knowledge of Charlotte Atlas, affixed a forged and false signature bearing the name Charlotte Atlas to the above-referenced Primary Designee Contacts form.

35.   Additionally, upon information and belief, and in furtherance of the conspiracy to defraud Plaintiffs, on or about March 4, 2008, Ashkenazi and others fraudulently and falsely, and without the permission or knowledge of Avigdor Waldman, affixed a forged and false signature bearing the name Avigdor Waldman, to the above-referenced Primary Designee Contacts form.

36.   Plaintiffs never spoke to, or communicated with, defendant Mali Halpert to determine whether she signed the relevant documents or agreed to the sale of the Policy.

37.   Plaintiffs never spoke to Charlotte Atlas or Avigdor Waldman to determine whether they signed the Primary Designee Contacts form.

38.   Defendant Cambridge never spoke to, or communicated with, defendant Mali Halpert to determine whether she signed the relevant documents or agreed to the sale of the Policy.

39.   Defendant Cambridge never spoke to, or communicated with, Charlotte Atlas or Avigdor Waldman to determine whether they signed the Primary Designee Contacts form.

40.   Upon information and belief, when Plaintiffs would, from time to time, request a

verification of coverage ("VOC") relating to the Policy, plaintiffs were provided with VOC's by persons or entities other than Hancock.

## AS AND FOR A FIRST COUNTERCLAIM
(Declaratory Judgment)

41.   Defendant/Crossclaimant Mali Halpert repeats and realleges the allegation contained in paragraphs 1 to 40 above as if fully set forth herein.

42.   By reason of the foregoing, Defendant Halpert seeks a declaratory judgment stating that:

        a)   Defendant Halpert never signed the Life Settlement Agreement at issue in this case;

        b)   That Defendant Halpert was not a party to the Life Settlement Agreement; and

        c)   Defendant Halpert cannot be liable based upon the Life Settlement Agreement.

## AS AND FOR A FIRST CROSSCLAIM AGAINST DEFENDANT ASHKENAZI
(Breach of Fiduciary Duty)

43.   Defendant Mali Halpert repeats and realleges the allegation contained in paragraphs 1 to 42 as if fully set forth herein.

44.   By creating a Trust for the benefit of the beneficiary of the Policy and by becoming a Trustee of that trust, Ashkenazi became a fiduciary as to the property being held in Trust. As such, Ashkenazi owed the trust and Halpert (as the purported Grantor of the Trust) an undivided duty of loyalty. Ashkenazi, breached his duty of loyalty by agreeing to sell the Policy to plaintiffs without Defendant Halpert's permission and by fraudulently affixing the forged signature of defendant Mali Halpert on the documents relating to the purchase of the Policy by

plaintiffs.

45.     As a direct result of Ashkenazi's activities, Ashkenazi has dissipated the assets of the trust and has damaged defendant Halpert in an amount to be determined at trial.

46.     Ashkenazi's conduct was purposeful and contumacious and was undertaken with the intent to cause substantial harm to Defendant Halpert. Accordingly, punitive damages should also be awarded in an amount to be determined at trial.

### AS AND FOR A SECOND CROSSCLAIM AGAINST
### DEFENDANTS ASHKENAZI AND THE TRUST
(Contribution)

47.     Defendant Halpert repeats and re-alleges the allegations contained in paragraphs 1 through 46 above as if fully set forth herein.

48.     That Plaintiffs complaint alleges, inter alia, in substance, that as a result of the fraud, intentional misconduct, breach of contract, conversion, violations of law and/or strict liability of the defendants, Plaintiffs were allegedly damaged.

49.     Upon information and belief, that if and in the event that plaintiffs sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the negligence, fraud, intentional misconduct, recklessness, carelessness, breach of contract, violations of law and/or strict liability of Ashkenazi, the Trust and/or others, there being no active or primary wrong-doing on the part of the defendant Halpert contributing thereto.

50.     By reason of the foregoing, defendant Halpert is entitled to full indemnity from, and for judgment over and against, Ashkenazi and the Trust and/or others for all of any verdicts or judgments which plaintiffs may recover against defendant Halpert.

## AS AND FOR A SECOND CROSSCLAIM AGAINST
## DEFENDANT ASHKENAZI
(Prima Facie Tort)

51.     Defendant Halpert repeats and re-alleges the allegations contained in paragraphs 1 through 50 above as if fully set forth herein.

52.     Ashkenazi, by his actions, intentionally fraudulently, improperly and illegally affixed, or caused to be affixed, Halpert's signature to certain documents without her consent, permission or authority which purports to cause and/or causes liability to Defendant Mali Halpert, when no such liability exists or should exist.

53.     Upon information and belief, Ashkenazi knew that his actions would such cause harm and damages to Defendant Halpert.

54.     Defendant Ashkenazi engaged in the above-referenced conduct without any excuse or justification.

55.     By reason of the foregoing, Ashkenazi's conduct has caused harm and damages to Defendant Halpert in an amount to be determined at trial.

## AS AND FOR A FIRST CROSSCLAIM AGAINST
## DEFENDANT HANCOCK
(Contribution)

56.     Defendant Halpert repeats and re-alleges the allegations contained in paragraphs 1 through 55 above as if fully set forth herein.

57.     That Plaintiffs complaint alleges, <u>inter alia</u>, in substance, that as a result of the fraud, intentional misconduct, breach of contract, conversion, violations of law and/or strict liability of the defendants, Plaintiffs were allegedly damaged.

58.     Upon information and belief, that if and in the event plaintiffs sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason

of the negligence, fraud, intentional misconduct, recklessness, carelessness, breach of contract,

violations of law and/or strict liability of Hancock and others, there being no active or primary

wrong-doing on the part of the defendant Halpert contributing thereto.

59.    By reason of the foregoing, defendant Halpert is entitled to full indemnity from,

and for judgment over and against, Hancock and/or others, for all of any verdicts or judgments

which plaintiffs may recover against defendant Halpert.

**AS AND FOR A FIRST CROSSCLAIM AGAINST
DEFENDANT CAMBRIDGE**
(Contribution)

60.    Defendant Halpert repeats and re-alleges the allegations contained in paragraphs 1

through 59 above as if fully set forth herein.

61.    That Plaintiffs complaint alleges, inter alia, in substance, that as a result of the

fraud, intentional misconduct, breach of contract, conversion, violations of law and/or strict

liability of the defendants, Plaintiffs were allegedly damaged.

62.    Upon information and belief, that if and in the event plaintiffs sustained the

injuries and damages complained of, such injuries and damages were caused entirely by reason

of the negligence, fraud, intentional misconduct, recklessness, carelessness, breach of contract,

violations of law and/or strict liability of Cambridge and/or others, there being no active or

primary wrong-doing on the part of the defendant Halpert contributing thereto.

63.    By reason of the foregoing, defendant Halpert is entitled to full indemnity from,

and for judgment over and against, Cambridge and/or others, for all of any verdict or judgment

which plaintiffs may recover against defendant Halpert.

## JURY DEMAND

Defendant Halpert demands a trial by jury on all issues, claims, counterclaims and crossclaims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Crossclaimant/Counterclaimant Halpert respectfully requests

that this Court enter a judgment as follows:

a.      dismissing the complaint with prejudice;

b.      granting Halpert judgment against Ashkenazi, the Trust, Hancock and Cambridge

with respect to her crossclaims;

c.      granting Halpert judgment against Plaintiffs with respect to its counterclaims;

d.      awarding Halpert the reasonable attorney's fees incurred in defending against this

action, as well as costs; and

e.      any such other and further relief as this Court may deem just and proper;

Dated:  New York, New York
        October 8, 2009

Goldberg & Rimberg PLLC

By:_____
     Joseph A. Grob (JAG 7975)
     Robert L. Rimberg (RLR 2453)
*Attorneys for Defendant Mali Halpert*
115 Broadway
New York, NY 10006
212-697-3250