# CHARLES P. RANDALL

ATTORNEY AT LAW
1200 NORTH FEDERAL HWY., SUITE 209
BOCA RATON, FLORIDA 33432-2845
TELEPHONE (561) 750-5050
FAX (561) 750-7272
*WWW.CPRATTORNEY.COM*
E-MAIL: *CHUCK@CPRATTORNEY.COM*

CHARLES P. RANDALL
ADMITTED TO PRACTICE IN
FLORIDA & CALIFORNIA

OCTOBER 14, 2009

VIA CM/ECF
and EXPRESS MAIL
with exhibits

Honorable Frederic Block
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

RE:   Berkshire Settlements v. Ashkenazi, et al., Case No.: 09 CV 0006 (FB) (JO)

Dear Judge Block:

    I represent the Plaintiffs in the above captioned matter. Pursuant to Rule 2 A of your Individual Motion Practices, I respectfully request a Pre-Motion Conference for the Plaintiffs' Rule 56 Motion for Partial Summary Judgment relating to Defendant's, John Hancock Life Insurance Company, lapse of the insurance Policy which is the subject of this litigation.

    The Court is directed to Exhibits "F" (Hancock Verification of Coverage or "VOC" dated 4/21/08), "G" (Letter dated April 24, 2008 re Change of Ownership), "H" (Oral VOC dated 5/19/08), "I" (Hancock's Change of Ownership acknowledgment dated 5/19/08), "J" (Plaintiff's transmittal letter and check for $275,000.00 for premium payment dated May 21, 2008), "K" (Hancock's acknowledgment of premium payment *marked received* by Plaintiff on 6/4/08), and "L" (Hancock Lapse Notice dated 6/3/08).

    To summarize, Hancock verified the existence of "Inforce" and "Current" coverage prior to the Plaintiff's purchase of the Hancock Policy in question. Plaintiffs' 4/21/08 Letter requested Hancock to refrain from changing the ownership of the Policy in the event certain events (i.e. lapse or policy entering grace period) had occurred. Hancock changed the ownership of the Policy and accepted payment of $275,000.00 which it applied to the Policy's premium. Thereafter, Hancock lapsed the Policy for the failure of the prior owner to pay a $127,000.00 premium that was allegedly due on March 22, 2008; a time period that predates the VOC's Hancock gave the Plaintiffs.

Letter Hon. F. Block
Dated October 14, 2009
Page 2

Additional facts that will be presented to the Court for review will be the prior owner's numerous instances of providing Hancock with NSF checks for the payment of premiums as well as Hancock's practice of twice presenting checks for collection after having once been dishonored.

New York statute §3211 (a) (1) states in relevant part that "[N]o policy of life insurance … shall terminate or lapse by reason of default in payment of any premium … unless a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due." Hancock failed, among other things, to provide the Plaintiffs with <u>any</u> prior notice of the impending lapse and, in fact, had received and applied the Plaintiff's $275,000.00 payment to the premium before it received notice that the prior owner had defaulted in the payment of $127,000.00 due prior to the change of ownership.

Statutes requiring notice before forfeiture of a life insurance policy for nonpayment of premium are to be construed strictly in favor of the insured. *See, Speziale v. National Life Ins. Co.,* 328 F.Supp.2d 295 (N.D. N.Y. 2004) citing 45 CJS Insurance §697 (2003). This is because the law does not favor forfeiture for nonpayment of premiums. *See, In re Preston's Will*, 29 N.Y.2d 364, 328 N.Y.S.2d 405, 278 N.E.2d 623 (1972) wherein the court noted:

> Correctly noting that since forfeiture for nonpayment of premiums is not favored in law and will not be enforced, <u>absent a clear intention to claim that right</u>, a leading text writer finds that 'acts and conduct which are insufficient to constitute a technical estoppel against such a forfeiture, may be sufficient to effect a waiver' and that 'the right to forfeit a policy is waived where the insurer's act or omission caused the insured justly to believe and to act on the belief that the contract was continued in force.' (15 Appleman, Insurance Law and Practice, §8403, p. 220.) (Emphasis added.)

In the instant case, Hancock's actions constitute both an estoppel and a waiver precluding it from lapsing the Policy. There are no genuine issues of material fact that are in dispute and this matter is now ripe for adjudication.

Sincerely,

*Charles P. Randall*
Charles P. Randall
cc:     Counsel of Record
        via CM/ECF