Neil Merkl
Eric B. Post
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: nmerkl@kelleydrye.com
       epost@kelleydrye.com

*Attorneys for Defendant*
*John Hancock Life Insurance Company (U.S.A.)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKSHIRE SETTLEMENTS, INC., A Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER ASHKENAZI, An Individual and as Trustee for HALPERT ALEXANDER TRUST, A New York Trust, and MALI HALPERT, an Individual.<br><br>Defendants. | No: 09-CV-00006 (FB) (JO)<br><br>**DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER TO DEFENDANT <u>MALI HALPERT'S 10/06/09 CROSSCLAIMS</u>**<br><br>**(Jury Trial Demanded)** |

Defendant John Hancock Life Insurance Company, now operating as John Hancock Life Insurance Company (U.S.A.) ("Hancock"), by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer to defendant Mail Halpert's Crossclaims dated October 6, 2009 (the "Crossclaims") states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Crossclaims.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Crossclaims.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Crossclaims.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims.

9. Denies the allegations contained in paragraph 9 of the Crossclaims, except admits that the former John Hancock Life Insurance Company, a Massachusetts insurance company, now operates as John Hancock Life Insurance Company (U.S.A.), a Michigan insurance company.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Crossclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Crossclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims.

16. Denies the allegations contained in paragraph 16 of the Crossclaims and refers crossclaimant to the documents governing any relationship between the referenced entities.

17. Denies the allegations contained in paragraph 17 of the Crossclaims.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Crossclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Crossclaims.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims.

21. Denies the allegations contained in paragraph 21 of the Crossclaims, except admits that Hancock issued an individual universal life insurance policy on the life of Mali Halpert, Policy # UL 1418490, with an issue date of June 13, 2005.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Crossclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Crossclaims.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Crossclaims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Crossclaims.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Crossclaims.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Crossclaims.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Crossclaims.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Crossclaims.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Crossclaims.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Crossclaims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Crossclaims.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Crossclaims.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Crossclaims.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Crossclaims.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Crossclaims.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Crossclaims.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Crossclaims.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Crossclaims.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Crossclaims.

## AS AND FOR HALPERT'S FIRST COUNTERCLAIM

### (Declaratory Judgment)

41. Restates and realleges each of the allegations and responses made in paragraphs 1 through 40 of this Answer, in response to the allegations contained in paragraph 41 of the Counterclaim/Crossclaim.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Counterclaim/Crossclaim.

## AS AND FOR HALPERT'S FIRST CROSSCLAIM
## AGAINST DEFENDANT ASHKENAZI
### (Breach of Fiduciary Duty)

43. Restates and realleges each of the allegations and responses made in paragraphs 1 through 42 of this Answer, in response to the allegations contained in paragraph 43 of the Crossclaims.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Crossclaims.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Crossclaims.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Crossclaims.

## AS AND FOR HALPERT'S SECOND CROSSCLAIM AGAINST
## ASHKENAZI AND THE TRUST

### (Contribution)

47. Restates and realleges each of the allegations and responses made in paragraphs 1 through 46 of this Answer, in response to the allegations contained in paragraph 47 of the Crossclaims.

48. Denies the allegations in paragraph 48 of the Crossclaims.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Crossclaims.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Crossclaims.

## AS AND FOR HALPERT'S SECOND CROSSCLAIM
## AGAINST DEFENDANT ASHKENAZI

### (Prima Facie Tort)

51. Restates and realleges each of the allegations and responses made in paragraphs 1 through 50 of this Answer, in response to the allegations contained in paragraph 51 of the Crossclaims.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Crossclaims.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Crossclaims.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Crossclaims.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Crossclaims.

## AS AND FOR HALPERT'S FIRST CROSSCLAIM
## AGAINST DEFENDANT HANCOCK

### (Contribution)

56. Restates and realleges each of the allegations and responses made in paragraphs 1 through 55 of this Answer, in response to the allegations contained in paragraph 56 of the Crossclaims.

57. Denies the allegations contained in paragraph 57 of the Crossclaims.

58. Denies the allegations contained in paragraph 58 of the Crossclaims.

59. Denies the allegations contained in paragraph 59 of the Crossclaims.

## AS AND FOR HALPERT'S FIRST CROSSCLAIM
## AGAINST DEFENDANT CAMBRIDGE

### (Contribution)

60. Restates and realleges each of the allegations and responses made in paragraphs 1 through 59 of this Answer, in response to the allegations contained in paragraph 60 of the Crossclaims.

61. Denies the allegations contained in paragraph 61 of the Crossclaims.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Crossclaims.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Crossclaims.

### FIRST AFFIRMATIVE DEFENSE

64. The Crossclaim against Hancock fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

65. Halpert is not entitled to relief from Hancock because Halpert has not suffered any harm or incurred any damages as a result of any actions by Hancock.

### THIRD AFFIRMATIVE DEFENSE

66. To the extent Halpert is found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by the contributory negligence and/or other culpable action or inaction of Halpert.

### FOURTH AFFIRMATIVE DEFENSE

67. To the extent Halpert is found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by the contributory negligence and/or other culpable action or inaction of Halpert acting in concert with others.

### FIFTH AFFIRMATIVE DEFENSE

68. To the extent Halpert is found to have suffered any harm or incurred any damages, such harm or damages was caused in whole or in part by third parties.

### SIXTH AFFIRMATIVE DEFENSE

69. Halpert's Crossclaim against Hancock is barred in whole or in part by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

70. Halpert is not entitled to equitable relief against Hancock because Halpert has unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

71. Hancock has performed and satisfied all of its obligations under the Policy.

### NINTH AFFIRMATIVE DEFENSE

72. To the extent Halpert is found to have suffered any harm or incurred any damage, such harm or damage was caused by the supervening/intervening fraud of others for which Hancock cannot be held liable.

### JURY DEMAND

Hancock demands a trial by jury on all issues, claims and crossclaims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Crossclaimant John Hancock Life Insurance Company requests that the Court enter a Judgment as follows:

    a.    dismissing Halpert's Crossclaim against it in its entirety with prejudice;

    b.    awarding Hancock costs, disbursements and attorneys fees; and

    c.    such other further relief as the Court deems just and proper.

Dated: New York, New York
       October 22, 2009

KELLEY DRYE & WARREN LLP

By: _____
Neil Merkl
Eric B. Post
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: epost@kelleydrye.com
        nmerkl@kelleydrye.com
*Attorneys for Defendant*
*John Hancock Life Insurance Company*
*(U.S.A.)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2009, I caused to be served the attached DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER TO DEFENDANT MALI HALPERT'S 10/06/09 CROSSCLAIMS in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Charles P. Randall, Esq.
1200 N. Federal Hwy., #209
Boca Raton, FL 33432
Tel: (561) 750-5050
Fax: (561) 750-7272
Email: chuck@cprattorney.com

*Counsel for Plaintiffs*

Robert L. Rimberg, Esq.
Joseph A. Grob, Esq.
Goldberg & Rimberg, PLLC
115 Broadway, 3rd Floor
New York, NY 10004
Tel: (212) 697-3250
Fax: (212)227-4533
Email: rlr@grlawpllc.com
          joeg@grlawpllc.com

*Counsel for Defendant Mali Halpert*

William Watt Waldner, Esq.
Law Office of William Waldner
989 Avenue of the Americas, 4th Floor
New York, NY 10018
Tel: (212) 244-2882
Fax: (212-999-6694
Email: william@waldnerlaw.com

*Co-counsel for Defendant Mali Halpert*

Brian J. Green, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
Tel: (212) 912-2755
Fax: (888) 325-9621
Email: bgreen@eapdlaw.com

*Counsel for Defendant Cambridge Life Settlements, LLC*

Dated: October 22, 2009

_____
Eric B. Post