Neil Merkl
Eric B. Post
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: nmerkl@kelleydrye.com
        epost@kelleydrye.com

*Attorneys for Defendant*
*John Hancock Life Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKSHIRE SETTLEMENTS, INC., A Georgia Corporation, and CHURCH STREET NOMINEES LTD. An Isle of Man Corporation, | No: 09-CV-00006 (FB) (JO) |
| Plaintiffs, | **DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER TO DEFENDANT CAMBRIDGE'S 12/30/09 CROSSCLAIMS** |
| v. | |
| ALEXANDER ASHKENAZI, An Individual and as Trustee for HALPERT ALEXANDER TRUST, A New York Trust, MALI HALPERT, an Individual, and CAMBRIDGE LIFE SETTLEMENTS, LLC A New York Corporation, | **(Jury Trial Demanded)** |
| Defendants. | |

Defendant John Hancock Life Insurance Company, now operating as John

Hancock Life Insurance Company (U.S.A.) ("Hancock"), by and through its attorneys, Kelley

Drye & Warren LLP, as and for its Answer to defendant Cambridge Life Settlements, LLC's

("Cambridge") Crossclaims dated December 30, 2009 (the "Crossclaims") states as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Crossclaims.

NY01/POSTE/1395902.1

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Crossclaims.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Crossclaims.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Crossclaims.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims.

8. Denies the allegations contained in paragraph 8 of the Crossclaims, except admits that the former John Hancock Life Insurance Company, a Massachusetts insurance company, now operates as John Hancock Life Insurance Company (U.S.A.), a Michigan insurance company.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims.

11. Denies the allegations contained in paragraph 11 of the Crossclaims, except admits that Hancock issued an individual universal life insurance policy on the life of Mali Halpert, Policy # UL 1418490, with an issue date of June 13, 2005.

2

12.     Admits that plaintiffs filed a Third Amended Complaint and refers the Court to that pleading for a complete and accurate statement of plaintiffs' allegations, in response to the allegations contained in paragraph 12 of the Crossclaims.

13.     Admits that plaintiffs filed a Third Amended Complaint and refers the Court to that pleading for a complete and accurate statement of plaintiffs' allegations, in response to the allegations contained in paragraph 13 of the Crossclaims.

14.     Admits that plaintiffs filed a Third Amended Complaint and refers the Court to that pleading for a complete and accurate statement of plaintiffs' allegations, in response to the allegations contained in paragraph 14 of the Crossclaims.

15.     Denies the allegations contained in paragraph 15 of the Crossclaims.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims.

17.     Denies the allegations contained in paragraph 17 of the Crossclaims.

## AS AND FOR CAMBRIDGE'S FIRST CROSSCLAIM
## AGAINST DEFENDANTS ASHKENAZI, THE TRUST, HALPERT AND HANCOCK

### (Indemnity)

18.     Restates and realleges each of the allegations and responses made in paragraphs 1 through 17 of this Answer, in response to the allegations contained in paragraph 18 of the Crossclaims.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Crossclaims.

20.     Denies the allegations contained in paragraph 20 of the Crossclaims.

## AS AND FOR CAMBRIDGE'S SECOND CROSSCLAIM
## AGAINST ASHKENAZI, THE TRUST, HALPERT AND HANCOCK

### (Contribution)

21. Restates and realleges each of the allegations and responses made in paragraphs 1

through 20 of this Answer, in response to the allegations contained in paragraph 21 of the

Crossclaims.

22. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22 of the Crossclaims.

23. Denies the allegations contained in paragraph 23 of the Crossclaims.

### FIRST AFFIRMATIVE DEFENSE

24. The Crossclaims against Hancock fail to state a claim upon which relief may be

granted.

### SECOND AFFIRMATIVE DEFENSE

25. Cambridge is not entitled to relief from Hancock because Cambridge has not

suffered any harm or incurred any damages as a result of any actions by Hancock.

### THIRD AFFIRMATIVE DEFENSE

26. To the extent Cambridge is found to have suffered any harm or incurred any

damages, such harm or damages was caused in whole or in part by the contributory negligence

and/or other culpable action or inaction of Cambridge.

### FOURTH AFFIRMATIVE DEFENSE

27. To the extent Cambridge is found to have suffered any harm or incurred any

damages, such harm or damages was caused in whole or in part by the contributory negligence

and/or other culpable action or inaction of Cambridge acting in concert with others.

4

## FIFTH AFFIRMATIVE DEFENSE

28.     To the extent Cambridge is found to have suffered any harm or incurred any

damages, such harm or damages was caused in whole or in part by third parties.

## SIXTH AFFIRMATIVE DEFENSE

29.     Cambridge's Crossclaims against Hancock are barred in whole or in part by the

doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

30.     Cambridge is not entitled to equitable relief against Hancock because Cambridge

has unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

31.     Hancock has performed and satisfied all of its obligations under the Policy.

## NINTH AFFIRMATIVE DEFENSE

32.     To the extent Cambridge is found to have suffered any harm or incurred any

damage, such harm or damage was caused by the supervening/intervening fraud of others for

which Hancock cannot be held liable.

## JURY DEMAND

Hancock demands a trial by jury on all issues, claims and crossclaims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Crossclaimant John Hancock Life Insurance Company

requests that the Court enter a Judgment as follows:

a.  dismissing Cambridge's Crossclaims against it in their entirety with prejudice;

b.  awarding Hancock costs, disbursements and attorneys fees; and

c.  such other further relief as the Court deems just and proper.

Dated: New York, New York
January 20, 2010

KELLEY DRYE & WARREN LLP

By:

Neil Merkl
Eric B. Post
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: epost@kelleydrye.com
        nmerkl@kelleydrye.com
*Attorneys for Defendant*
*John Hancock Life Insurance Company*
*(U.S.A.)*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2010, I caused to be served the

attached DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S

ANSWER TO DEFENDANT CAMBRIDGE'S 12/30/09 CROSSCLAIMS, in accordance with

the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the

Eastern District's Rules on Electronic Service upon the following parties and participants:

Charles P. Randall, Esq.
1200 N. Federal Hwy., #209
Boca Raton, FL 33432
Tel: (561) 750-5050
Fax: (561) 750-7272
Email: chuck@cprattorney.com

*Counsel for Plaintiffs*

Robert L. Rimberg, Esq.
Joseph A. Grob, Esq.
Goldberg & Rimberg, PLLC
115 Broadway, 3rd Floor
New York, NY 10004
Tel: (212) 697-3250
Fax: (212)227-4533
Email: rlr@grlawpllc.com
        joeg@grlawpllc.com

*Counsel for Defendant Mali Halpert*

William Watt Waldner, Esq.
Law Office of William Waldner
989 Avenue of the Americas, 4th Floor
New York, NY 10018
Tel: (212) 244-2882
Fax: (212-999-6694
Email: william@waldnerlaw.com

*Co-counsel for Plaintiffs*

Brian J. Green, Esq.
Harvey A. Feintuch, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
Tel: (212) 912-2755
Fax: (888) 325-9621
Email: bgreen@eapdlaw.com
        hfeintuch@eapdlaw.com
*Counsel for Defendant Cambridge Life
Settlements, LLC*

Dated: January 20, 2010

Eric B. Post