# GOLDBERG & RIMBERG PLLC
115 BROADWAY – 3RD FLOOR
NEW YORK, NEW YORK 10006
Tel: (212) 697-3250
Fax: (866) 651-3196 (Writer's Direct)

January 22, 2010

Honorable James Orenstein
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    Berkshire Settlements v. Ashkenazi, et al., 09-cv-6 (FB) (JO)

Dear Judge Orenstein:

    This letter is submitted in opposition to Mr. Randall's letter/motion dated January 19, 2010, which seeks to compel the production of certain documents, namely Ms. Halpert's financial information and records and her jointly filed tax returns dating back to 2002. ( the "Randall Letter"). This letter is also submitted to request a protective Order barring the discovery requested by Mr. Randall as the requests are completely irrelevant to this litigation and the purpose of the discovery requested is to intimidate the 87 year-old defendant in this case and to allow counsel an unrestricted foray into the financial records of Defendant Halpert and her husband, who is not even a party to the instant litigation.

    A. The Discovery at Issue:

    Mr. Randall has asked Defendant Halpert to identify and produce all of here financial accounts information. See Randall Letter and Exhibits 2 and 3 to the Randall Letter. Mr. Randall also seeks the production Defendant Halpert's jointly filed tax returns filed from 2002 to date. Id.

    B. The Requested Discovery is not Relevant:

    Despite a previous defense request for clarification, Mr. Randall has failed to advise Defendant Halpert as to why the discovery being sought by the instant motion to compel is relevant to the issues presented in this case. Instead of providing a reason, Mr. Randall merely cites to the complaint where he alleged that Mrs. Halpert's net worth and the number of policies on her life were material to Plaintiffs (Complaint at ¶¶12-13). See Randall Letter. Significantly, however, Defendant Hancock, who issued the insurance policy at issue herein (the "Policy") has not asserted a defense that the Policy was void ab initio due to fraudulent misrepresentations in the application. See Defendant Hancock's Answer to the third amended complaint, annexed hereto as Exhibit A. Since there is no claim that the insurance policy at issue was void ab initio, the discovery sought cannot be relevant to the issues in this case.[1]

---

[1] To the extent that Plaintiffs seek information about other policies issued upon the life of Mrs. Halpert, Mrs. Halpert is not in possession of any such documents. Moreover, such records are irrelevant because Plaintiffs did not care about whether there were other policies on the life of Halpert, and they had actual knowledge of the other policies, prior to engaging in the transaction at issue in this case. See Emails between Sarah Loy of Berkshire to members of the Policy Selection Limited, the financial advisors to the Assured Fund, annexed hereto as Exhibit B, which establish beyond any doubt that Plaintiff's had actual

Honorable James Orenstein
January 22, 2010
Page 2

      Further, the claim that the statements made by Mrs. Halpert in her 2005 application for the Policy, which was submitted to Defendant John Hancock alone, were material and relevant to Plaintiffs when they first sought to purchase the Policy in March 2008, is a "red herring" and is belied by the deposition testimony already secured in this case. Specifically. each witness who testified on behalf of Plaintiff Berkshire (John Dallas, Sarah Loy and David Dallas) has stated unequivocally that Defendant Halpert's net worth and the number of pre-existing policies on Defendant Halpert's life were irrelevant to their consideration as to whether or not to purchase the Policy. Further, each witness confirmed that the question of the insured's net worth or the number of pre-existing policies on her life was not even one of the criteria established by Defendant Church Street Nominees ("CSN") or the Assured Fund (the real party at interest herein) in determining whether or not to purchase the Policy. See Eligibility Criteria (Bates Stamped CS-553) for purchase of an insurance policy as defined in the Master Purchase agreement between the Assured Fund and Berkshire, both of which are annexed hereto as Exhibit C.[2]

      Moreover, during the deposition of Plaintiff Church Street Nominees ("CSN"), by Catherine Spencer, she testified that she did not review the contents of the closing package that was submitted to her by Berkshire, but that she merely looked to see if all the documentation was present in the file before placing it in the safe. See Segment of Deposition Transcript of Catherine Spencer, annexed hereto as Exhibit D.

      Additional evidence that Mrs. Halpert's financial information and tax returns are not relevant to these proceedings may also be found in Berkshire's application for life settlement which does not even ask a single question about the insured's net worth. See Exhibit C-k to the Third Amended Complaint, annexed hereto as Exhibit E. Certainly, if Defendant Halpert's net worth and tax returns were relevant to any decisions made by Plaintiffs, Plaintiffs would have demanded to see such information before agreeing to buy the policy, but they did not.

      Additionally, Mr. Randall is seeking information about joint accounts that are held by Defendant Halpert and her husband, who is not a party to this litigation. There is no basis for Mr. Randall to seek disclosure of information contained in joint accounts. [3]

      In sum, Mr. Randall is seeking discovery that his own clients admit was totally irrelevant to the issues herein.

---

knowledge of at least 3 other policies of insurance on the life of Halpert in March 2008, prior to the purchase of the Policy.
[2] Further, Plaintiffs seek information about Halpert's net worth since 2002, when the only real question, if any, would be her net worth in 2005, when the application for insurance was completed, and not her financial information from 2005 to date.
[3] It is respectfully submitted further that requiring production of Halpert's financial information and her personal tax returns would truly be an unduly burdensome intrusion upon the life of our 87 year-old client and her family.

C. The Requested Records are Not Discoverable.

As noted above, Plaintiffs seek personal, private and sensitive financial information of Defendant Halpert and her husband including jointly held bank accounts and jointly filed tax returns dating back to 2002.

A party's personal tax returns are inherently private and sensitive and should not be compelled. Indeed,

> "courts are typically reluctant to compel [disclosure of tax returns] because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" Carmody v. Village of Rockville Centre, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y.1979)).

Fierro v. Gallucci, (No. CV 06-5189 (JFB) (WDW), 2009 WL 606191, *1 (E.D.N.Y. Mar 09, 2009),

> Further, before a Court grants a motion to compel the production of tax returns,
>
> the movant must satisfy a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." Sadofsky v. Fiesta Products, LLC., 252 F.R.D. 143, 149 (E.D.N.Y. 2008) (citations omitted); see also Carmody, 2007 WL 2043807, at *2.

See Fierro v. Gallucci, 2009 WL 606191 at *1.

In this case, as outlined herein, Plaintiffs cannot establish that the requested discovery is relevant to any issue in this action or that a compelling need for the requested discovery exists.

In light of all of the above, it is respectfully submitted that the documents that Mr. Randall is seeking to obtain are not at all relevant to this lawsuit, that the motion to compel must be denied in all respects and that a protective order should issue shielding the aforementioned documents from discovery.

Respectfully submitted,

Joseph A. Grob

cc: All Counsel (via ECF).