Harvey Feintuch (HF-1434)
Brian Green (BG-5761)
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant Cambridge Life Settlements, LLC
750 Lexington Avenue
New York, NY  10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BERKSHIRE SETTLEMENTS, INC.,
A Georgia Corporation, and
CHURCH STREET NOMINEES LTD.
An Isle of Man Corporation,
ASSURED FUND,
 A Cayman Islands Corporation,

               Plaintiffs,

     v.

ALEXANDER ASHKENAZI,
An Individual and as Trustee for
HALPERT ALEXANDER TRUST,
A New York Trust,
MALI HALPERT, an Individual, and
CAMBRIDGE LIFE SETTLEMENTS, LLC
A New York Corporation,

               Defendants.

-----------------------------------------------------------x

**DEFENDANT CAMBRIDGE LIFE SETTLEMENTS, LLC's ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

      Defendant Cambridge Life Settlements, LLC ("Cambridge") by and through its attorneys, Edwards Angell Palmer & Dodge LLP, by way of its answer to Plaintiffs' Fourth Amended Complaint (the "Complaint") states as follows:

NYC 345030.1

1. Admits that the Complaint purports to bring an action for money damages in excess of $75,000 and other relief but denies that Plaintiffs' claims against Cambridge have any merits and that Plaintiffs are entitled to damages or other relief.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

5a. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5a of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Admits that Cambridge is a New York Domestic Limited Liability Company authorized and doing business in Brooklyn, New York.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint but admits that Cambridge is a life settlement broker.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and denies that Cambridge used its notary to authenticate any signatures, denies that any Cambridge notary notarized any documents and denies that any Cambridge notary notarized any documents as authentic.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and refers to the referenced exhibit for a complete and accurate statement of its terms.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

NYC 345030.1

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and refers to the referenced exhibit for a complete and accurate statement of its terms.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert)

29. Restates and realleges each of the allegations and responses made in paragraphs 1 through 28 of this Answer, in response to the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert)

35. Restates and realleges each of the allegations and responses made in paragraphs 1 through 34 of this Answer, in response to the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

### (Against Trust, Ashkenazi & Halpert)

39. Restates and realleges each of the allegations and responses made in paragraphs 1 through 38 of this Answer, in response to the allegations contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

## AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

### (Against John Hancock)

42. Restates and realleges each of the allegations and responses made in paragraphs 1 through 41 of this Answer, in response to the allegations contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

NYC 345030.1

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

### (Against John Hancock)

48. Restates and realleges each of the allegations and responses made in paragraphs 1 through 47 of this Answer, in response to the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint but admits that Plaintiffs appear to be seeking a declaratory judgment against defendant John Hancock.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

NYC 345030.1

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION

### (Against Cambridge)

59. Restates and realleges each of the allegations and responses made in paragraphs 1 through 58 of this Answer, in response to the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred and estopped from asserting the claims alleged in the Complaint, by unclean hands or otherwise.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by ratification and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any injury or damages sustained by Plaintiffs have been caused solely by Plaintiffs' own actions or actions of other parties over whom Cambridge has no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to mitigate and/or avoid their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have suffered any injury, which is specifically denied, such injury was caused in whole or in part by the contributory negligence and/or other culpable action or in action of Plaintiffs in concert with others.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs have suffered any injury, which is specifically denied, such injury was caused or contributed to by the acts of Plaintiffs and/or third parties.

## NINTH AFFIRMATIVE DEFENSE

Cambridge reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and upon further investigation.

## TENTH AFFIRMATIVE DEFENSE

Cambridge has performed and satisfied all of its obligations under the transactional documents.

## ELEVENTH AFFIRMATIVE DEFENSE

One or more plaintiffs is not a real party in interest.

NYC 345030.1

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because they have not suffered any harm or incurred any damages as a result of any actions by Cambridge.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by principles of estoppel, waiver and in pari delicto.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more parties required to be joined and such failure prejudices Cambridge and could create a substantial risk of inadequate, multiple or inconsistent judgments.

## CROSSCLAIMS

Defendant/Crossclaimant Cambridge Life Settlements, LLC ("Cambridge"), by and through its undersigned counsel, as and for its crossclaims (the "crossclaims") against crossclaim defendants Alexander Ashkenazi ("Ashkenazi"), an individual and as trustee for the Halpert Alexander Trust (the "Trust"), defendant John Hancock ("Hancock"), and defendant Mali Halpert ("Halpert"), alleges as follows:

### PARTIES

1. Defendant/Crossclaimant Cambridge is a New York Domestic Limited Liability Company authorized and doing business in Brooklyn, New York.

2. Upon information and belief, Berkshire Settlements, Inc. (hereinafter "Berkshire") is a Georgia corporation with its principal place of business in Atlanta, Georgia.

NYC 345030.1

3. Upon information and belief, Church Street Nominees (hereinafter "CSN") is a Cayman Islands corporation with its principal place of business in the Isle of Man

4. Upon information and belief, the Assured Fund (hereinafter "Assured") is a Cayman Islands corporation with its principal place of business in the Isle of Man.

5. Upon information and belief, Ashkenazi is an individual residing and doing business in Brooklyn, New York and is trustee of the Trust.

6. Upon information and belief, the Trust is a New York Trust created by Ashkenazi.

7. Upon information and belief, Halpert is an individual residing in Brooklyn, New York.

8. Upon information and belief, John Hancock Life Insurance Company (hereinafter "Hancock") is a Massachusetts insurance company authorized and doing business in Brooklyn, New York.

## JURISDICTION AND VENUE

9. To the extent the Court already has subject matter jurisdiction over Plaintiffs' Fourth Amended Complaint, the Court has supplemental jurisdiction over Cambridge's crossclaims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391 because Ashkenazi and Halpert reside in Brooklyn, New York, the Trust is a New York Trust, Cambridge is a New York Limited Liability Corporation, and a substantial part of the events or omissions giving rise to the Crossclaims occurred in this District.

## FACTS COMMON TO ALL CROSSCLAIMS

NYC 345030.1

11. Upon information and belief, on or about June 13, 2005, Hancock issued Policy No. UL 1418490 (hereinafter the "Policy") that had a $5,000,000 death benefit payable upon Halpert's death.

12. On September 21, 2009, Berkshire, CSN and Assured filed a Fourth Amended Complaint in this action (the "Complaint") against Ashkenazi, the Trust, Halpert, Cambridge and Hancock. The Complaint alleges that Berkshire, Ashkenazi and Halpert entered into a Life Settlement Purchase Agreement whereby Halpert agreed to sell the Policy to Berkshire and that on or about March 4, 2008, Berkshire required Ashkenazi and Halpert to sign various transaction documents to memorialize the transaction.

13. As more fully set forth in the Complaint, Plaintiffs allege that (a) "one or more of the transactional documents contain the forged or unauthorized signature(s) of Halpert"; (b) "on or about May 9, 2008, prior to and as a condition of the closing, Ashkenazi and Halpert represented that they made a $127,000.00 premium payment to Hancock that was allegedly due to have been paid on March 22, 2008"; (c) "Ashkenazi and Halpert stopped payment on the May 9, 2008 premium payment to Hancock after the Plaintiffs had purchased the Policy"; (d) Hancock assured "that Ashkenazi and Halpert had made all periodic premium payments as was necessary to keep the Policy current and in good standing"; (e) "as a result of Hancock's written and oral VOC's [verifications of coverage], as well as Ashkenazi and Halpert's representations . . . Berkshire proceeded to close the transaction with Ashkenazi, Halpert and Cambridge"; (f) "Ashkenazi and Halpert had a history of passing bad checks to Hancock for the payment of the Policy premiums"; (g) "Hancock was aware of the fact that Ashkenazi and Halpert had provided it with four (4) checks for payment of the premiums that were dishonored for insufficient funds but yet falsely and negligently confirmed to the Plaintiffs that the Policy was current and in good

NYC 345030.1

standing"; (h) Hancock was aware that the Plaintiffs were making the inquiries because they were negotiating for its purchase and would rely upon Hancock's statements in deciding to purchase it" and (i) Hancock refuses to withdraw the lapse status of the Policy.

14. The Complaint also asserts a claim for negligence against Cambridge alleging, among other things, that Cambridge breached a duty to Plaintiffs to ensure that the transaction documents submitted to Berkshire were completed and contained genuine signatures of Ashkenazi and Halpert. Cambridge denies any liability whatsoever to Plaintiffs and the other defendants.

15. To the extent there is any liability to Plaintiffs in this action, all such liability belongs to and should be borne by Crossclaim Defendants Ashkenazi, The Trust, Halpert, Hancock, and/or third parties, jointly and severally.

16. Each time Crossclaim Defendants Ashkenazi, The Trust and Halpert communicated with Cambridge regarding the sale of the Policy to Berkshire, Crossclaim Defendants Ashkenazi, The Trust and Halpert demonstrated an interest and intention to complete the transaction involving the sale of the Policy.

17. Crossclaim Defendants Ashkenazi, The Trust, Halpert and Hancock owed contractual and/or other duties to Plaintiffs and/or Cambridge to be accurate and truthful in providing information to them and/or others in connection with the Policy and Life Settlement Agreement. Crossclaim Defendants breached these duties to Plaintiffs and/or Cambridge. As a result, Cambridge has suffered damages, including costs and attorneys' fees in defending against Plaintiffs' claims and defendants' crossclaims.

## FIRST CROSSCLAIM

### (Indemnity Against Ashkenazi, The Trust, Halpert and Hancock)

18. Cambridge restates and realleges each of the allegations made in paragraphs 1 through 17 of its Crossclaims as if fully set forth herein.

19. Cambridge denies that it failed to provide transaction documents containing the genuine signatures of Halpert and denies that it used its notary to authenticate Halpert's signatures. Cambridge further denies any liability whatsoever to Plaintiffs or any party arising from or related to the allegations in Plaintiffs' Complaint, including any and all future claims or crossclaims that may hereafter be asserted.

20. However, if Cambridge is determined to be liable, any liability actually belongs to Crossclaim Defendants Ashkenazi, The Trust, Halpert and Hancock, or third parties, jointly and severally, and Cambridge demands indemnification from Crossclaim Defendants Ashkenazi, The Trust, Halpert and Hancock for the amount of any judgment against Cambridge.

## SECOND CROSSCLAIM

### (Contribution Against Ashkenazi, The Trust, Halpert and Hancock)

21. Cambridge restates and realleges each of the allegations made in paragraphs 1 through 20 of its Crossclaims as if fully set forth herein.

22. Cambridge denies any liability whatsoever to Plaintiffs or any party arising from or related to the allegations in plaintiff's Complaint, including any and all future claims or crossclaims that may hereafter be asserted.

23. However, if Cambridge is determined to be liable, it demands contribution from Crossclaim Defendants Ashkenazi, The Trust, Halpert and Hancock based on their actions, inactions, negligence, recklessness, misrepresentations, fraud and/or other conduct, including but not limited to their actions as alleged by Plaintiffs in the Complaint.

**JURY DEMAND**

Cambridge demands a trial by jury on all issues, claims and crossclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Crossclaimant Cambridge respectfully requests that this Court enter a judgment as follows:

a. dismissing Plaintiffs' Complaint with prejudice;

b. awarding Cambridge costs, disbursements and attorneys fees in defending against this action;

c. granting Cambridge judgment against Ashkenazi, The Trust, Halpert and Hancock with respect to its crossclaims;

d. awarding Cambridge costs, disbursements and attorneys' fees on its crossclaims; and

e. any such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 16, 2010

s/ Brian Green
Harvey Feintuch (HF-1434)
Brian Green (BG-5761)
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant Cambridge Life Settlements, LLC
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

NYC 345030.1