**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

IOI PARK AVENUE

NEW YORK, NEW YORK IOI78

(212) 808-7800

WASHINGTON, DC

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES

MUMBAI, INDIA

FACSIMILE

(212) 808-7897

www.kelleydrye.com

DIRECT LINE: (212) 808-7811

EMAIL: nmerkl@kelleydrye.com

June 10, 2010

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Berkshire Settlements, Inc. v. Ashkenazi,* No. 09 CV 0006 (FB) (JO)

Dear Judge Block:

We represent defendant John Hancock Life Insurance Company (U.S.A.) ("Hancock") in the above referenced action. We write in response to Plaintiffs' Rule 72(a) Motion seeking review of the Order of the Honorable Magistrate James Orenstein dated May 28, 2010, denying plaintiffs' motion to compel Hancock to produce an additional Rule 30(b)(6) witness to testify at a deposition (the "Order").

The arguments raised in plaintiffs' motion to compel (Docket #147) and in Hancock's opposition (Docket # 151), were set forth in letters to Magistrate Orenstein dated May 23 and May 26, 2010, respectively. Those letters are attached to plaintiffs' Rule 72(a) Motion as Exhibits "1" and "2." Hancock's May 26 opposition set forth ample grounds to support Magistrate Orenstein's Order and the Court is respectfully referred thereto.

Plaintiffs' Rule 72(a) motion, however, includes new arguments and alleged facts that plaintiffs did not raise before Magistrate Orenstein and are now raising for the first time on this appeal. As is evident from a comparison of plaintiffs' 1.5 page motion to compel and their 10 page Rule 72(a) motion, the plaintiffs did not present any of the following to Judge Orenstein: (1) plaintiffs' discussion of documents allegedly "improperly withheld" by Hancock and documents that plaintiffs allegedly received "too late"; (2) plaintiffs' discussion of alleged "conservation letters" received from Hancock; (3) plaintiffs' argument that discovery is relevant to "negligence in the underwriting process" (a claim plaintiffs voluntarily withdrew long ago) or to "the question of estoppel"; (4) plaintiffs' argument that discovery is relevant to the question of whether Hancock should be permitted to use premiums collected from other parties to "offset

NY01/POSTE/1420262.1

against its attorney's fees and costs"; (5) plaintiffs' argument that Hancock "cannot raise a lack of insurable interest" defense as a matter of law; and (6) plaintiffs' argument that Hancock allegedly "flatly refused to discuss" narrowing requested deposition topics.

These arguments are inaccurate, misleading, and irrelevant to any review of Judge Orenstein's Order. Plaintiffs' tactic is improper and we request that these grounds not be considered. *See In re Zyprexa Prods. Liab. Litig.*, 2008 WL 5395749 at * 2 (E.D.N.Y. Dec. 16, 2008)(affirming denial of a motion to compel a deposition and holding that a party is prohibited on a Rule 72(a) motion from advancing new facts, issues or arguments not previously presented to the court).

If the Court is going to consider any arguments raised by plaintiffs that were not raised before Judge Orenstein, John Hancock requests an opportunity to respond.

Plaintiffs' motion should be denied because plaintiffs fail to meet their heavy burden of demonstrating that Judge Orenstein's Order was clearly erroneous or that Judge Orenstein abused his discretion. *See e.g. Zyprexa,* 2008 WL 5395749 at *2-3; *Yash Raj Films (USA) Inc. v. Kumar*, 2007 WL 2462668, at *1 (E.D.N.Y. Aug. 27, 2007); *Seewald v. IIS Intelligent Info. Sys., Ltd.* ("*Seewald II*"), 1998 WL 305597 at *1-3 (E.D.N.Y. Apr. 23, 1998).

Respectfully submitted,

/s/ *Neil Merkl*

Neil Merkl

cc:   (counsel of record via ECF)