ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BERKSHIRE SETTLEMENTS, INC.,
a Georgia Corporation,
CHURCH STREET NOMINEES, LTD.,
an Isle of Man Corporation, and
ASSURED FUND,
a Cayman Islands Corporation,

                Plaintiffs,

  -against-

ALEXANDER ASHKENAZI,
an individual and as Trustee for
HALPERT ALEXANDER TRUST,
a New York Trust,
MALI HALPERT, an Individual,
JOHN HANCOCK LIFE INSURANCE CO.,
a Foreign Corporation,
CAMBRIDGE SETTLEMENTS, LLC,
a New York Corporation,
GLOBAL LIFE SETTLEMENTS, INC.,
a New York Corporation, and
JOEL ECKSTEIN,
an Individual,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-0006 (FB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 3 2010 ★
BROOKLYN OFFICE

**BLOCK, Senior District Judge:**

      This case arises out of a contract made by plaintiff Berkshire Settlements, Inc. ("Berkshire"), to purchase a life insurance policy (the "Policy") issued by defendant John Hancock Life Insurance Co. ("Hancock") to defendant Mali Halpert. Following the consummation of the sale, Hancock informed Berkshire that the Policy had previously lapsed due to non-payment of premiums. Hancock has been sued only for its alleged negligent misrepresentation, prior to the sale, that the Policy had not lapsed. Because of

this misrepresentation, plaintiffs claim that Hancock is estopped from asserting that the Policy had lapsed.

On May 23, 2010, plaintiffs moved to compel Hancock to produce a witness to testify to various topics relating to Hancock's "policies and practices" regarding the issuance and sale of insurance policies. *See* Docket Entry #147 (Motion). Magistrate Judge Orenstein summarily denied plaintiffs' motion by Order of May 28, 2010 (the "Order"); plaintiffs timely objected to the Order pursuant to Fed. R. Civ. P. 72(a). For the following reasons, the Court declines to modify or set aside the Order.

The Court will not upset the non-dispositive ruling of a magistrate judge, such as the Order, unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1) (A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (finding that matters involving pretrial discovery are generally considered "nondispositive of the litigation" and thus are subject to the "clearly erroneous or contrary to law standard" on review by a district court) (quotations omitted). The Court "must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted).

In support of the instant motion, Plaintiffs argue that:

> It is axiomatic that Hancock's negligence in the underwriting process, that resulted in the issuance of a policy that then found its way into the mainstream of legitimate commerce, which was used as the means to defraud the Plaintiffs into purchasing the Policy is relevant and discovery needs to be had. [sic]

2

Neither Hancock's underwriting process nor the issuance of the Policy have any bearing on the factual or legal issues here in dispute: namely, the circumstances of the subsequent conveyance of the Policy to Berkshire. Though Magistrate Judge Orenstein does not provide his reasoning for denying the motion, plaintiffs' conclusory assertions of relevance do not convince the Court that the Order is "clearly erroneous or contrary to law."

**SO ORDERED.**

                                                                s/Frederic Block
                                                                 FREDERIC BLOCK
                                                                 Senior United States District Judge

Brooklyn, New York
August 2, 2010