**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7811
EMAIL: nmerkl@kelleydrye.com

November 12, 2010

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Berkshire Settlements, Inc. v. Ashkenazi*, No. 09 CV 0006 (FB) (JO)

Dear Judge Block:

We represent defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock") in the above-referenced action. We write pursuant to Rule 2A of Your Honor's Motion Practice Rules to request a pre-motion conference and advise the Court of the basis for John Hancock's anticipated motion for default judgments as to liability against defendants Mali Halpert ("Halpert") and Alexander Ashkenazi, ("Ashkenazi"), individually and as Trustee for the Halpert Alexander Trust (the "Trust"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). Halpert's crossclaims for indemnity and contribution against John Hancock should also be dismissed by virtue of her default.

**Facts**[1]

### Halpert's Default and Abandonment of Her Crossclaims

John Hancock's crossclaims against Halpert assert claims for declaratory relief, indemnity, and contribution. After being properly served, Halpert failed to plead or otherwise defend against John Hancock's crossclaims within the period of time provided by the Federal Rules. On August 5, 2010, the Clerk of the Court entered a Notation of Default as to Halpert.

We have spoken with counsel for Halpert about Halpert's default. Counsel advised us that Halpert's default is deliberate and that she has no intention of responding to John Hancock's crossclaims. On August 16, 2010, Halpert's counsel wrote to the parties confirming Halpert's default and advising that he should not be copied on the parties' communications.

---

[1] Hancock incorporates by reference the facts and arguments set forth in its letter filed contemporaneously herewith requesting a pre-motion conference on its anticipated motion for summary judgment dismissing plaintiffs' Fifth Amended Complaint.

KELLEY DRYE & WARREN LLP

Honorable Frederic Block
November 12, 2010
Page Two

Halpert and her counsel did not attend either of the Pre-Trial conferences before Magistrate Orenstein.

### Ashkenazi's and the Trust's Default

John Hancock's crossclaims against Ashkenazi and the Trust assert claims for declaratory judgment, fraud, indemnity, and contribution. On August 5, 2010, the Clerk of the Court entered a Notation of Default as to Ashkenazi, individually and as Trustee for the Trust, after he failed to plead or otherwise respond to John Hancock's crossclaims.[2] Ashkenazi is prosecuting other litigation in this District and has testified that he is fully aware of this action.

### The Court Should Enter Default Judgments Against Halpert, Ashkenazi and the Trust on John Hancock's Crossclaims

A defaulting defendant is deemed to concede all "well-pleaded allegations of liability." *Lopez-Oviedo v. Marvin*, No. 08-CV-1909, 2009 WL 2984172, at *1 (E.D.N.Y. Sept. 14, 2009). The courts have consistently held it appropriate to enter a default judgment as to liability against a defaulting defendant and to defer the damages inquest to a later stage of the litigation. *See id.* at *1-2.

The Court should enter default judgments against Halpert, the Trust and Ashkenazi, individually and as Trustee for the Trust, pursuant to FRCP 55(b)(2) and Local Rule 55.2(b), adjudging that John Hancock has established their liability on all of its Crossclaims against them, with a determination of the amount of Hancock's damages, costs, disbursements, and attorneys fees to be deferred for further proceedings after resolution of the underlying action filed by plaintiffs or such other time as the Court deems appropriate.

With respect to Hancock's crossclaim for declaratory relief, Hancock requests a declaration against Halpert, the Trust and Ashkenazi, individually and as Trustee for the Trust, adjudging that the Policy, the Trust, the assignment of the Policy, and the Life Settlement Agreement are void *ab initio* and that they do not have (and never had) any right, title or interest in or to the Policy; and that to the extent the Policy is not void *ab initio,* it lapsed according to its

---

[2] The history of John Hancock's service of the crossclaims and other pleadings upon Ashkenazi, individually and as Trustee for the Trust, and upon his counsel, was set forth at length in John Hancock's application for the Clerk's Notation of Default, filed on August 3, 2010.

**KELLEY DRYE & WARREN** LLP

Honorable Frederic Block
November 12, 2010
Page Three

terms. (*See* Hancock's letter requesting a pre-motion conference on its anticipated motion for summary judgment dismissing plaintiffs' claims).

            Respectfully submitted,
            /s/ *Neil Merkl*
            Neil Merkl

cc: counsel of record (via ECF)
  Joseph Grob, Esq., counsel to Mali Halpert (via email)
  Robert Rimberg, Esq., counsel to Mali Halpert (via email)
  Ira Lipsius, Esq., counsel to Alexander Ashkenazi in other pending EDNY cases (via email)
  Alexander Ashkenazi (by U.S. mail)