# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

November 29, 2010

DIRECT LINE: (212) 808-7811
EMAIL: nmerkl@kelleydrye.com

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Berkshire Settlements, Inc. v. Ashkenazi*, No. 09 CV 0006 (FB) (JO)

Dear Judge Block:

We represent defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"). We write in response to defendant Global Life Settlements, Inc. ("Global") and Joel Eckstein's ("Eckstein") November 19, 2010 letter seeking summary judgment dismissing John Hancock's crossclaims for contribution and indemnification against them. (Docket #210). The proposed motion should be denied.

Global and Ecktsein's client was defendant Alexander Ashkenazi, the phony Trustee of the non-existent Halpert-Alexander Trust; the person who stole plaintiffs' $900,000. As Ashkenazi's representative, Global and Eckstein facilitated Ashkenazi's fraud from the inception of his transaction with plaintiffs. Global and Eckstein provided Cambridge with the forged documents that Cambridge, in turn, forwarded to plaintiffs. Moreover, voice recordings indicate that Global and Eckstein called John Hancock, purporting to be Mr. Ashkenazi, in order to gain access to Policy information to help close the deal. This ample evidence would allow the trier of fact to conclude that Global was the proximate cause of plaintiffs' loss and that John Hancock has no liability to plaintiffs.

Global and Eckstein argue that a claim for indemnification can be sustained only where the party seeking indemnity can establish that it may not be held responsible for the plaintiffs' loss "in any degree." First, that is exactly what John Hancock will prove at trial if plaintiffs' claims against John Hancock are not dismissed on summary judgment. John Hancock had no duty to make sure that the checks written by Ashkenazi – Global's client – would not bounce. John Hancock also had no obligation to reinstate the Policy which lapsed according to its terms. In short, John Hancock did nothing wrong. Moreover, a claim for indemnification is permissible where both parties are at fault, "so long as the forms of fault differ in gravity, such as where the party seeking indemnification is merely 'passively negligent' but the indemnitor is 'actively negligent.'" *Complaint of Kreta Shipping, S.A.*, No. 96 Civ. 1137 (KMW), 2000 WL 33249253, at *3 (S.D.N.Y. June 21, 2000); *see also Lucas v. Lalime*, 998 F. Supp. 263, 269

**KELLEY DRYE & WARREN** LLP

Honorable Frederic Block
November 19, 2010
Page Two

(W.D.N.Y. 1998).  Here, Global and Eckstein were actively negligent – they forwarded fraudulent documents and contacted John Hancock under false pretenses to keep the deal alive.

To the extent N.Y. Gen. Obligations Law § 15-108 bars a claim against Global for contribution, John Hancock will seek leave to amend its Answer prior to trial to include a setoff defense under § 15-108(a).  *See Whalen v. Kawasaki Motors Corp.*, 92 N.Y.2d 288, 292-93 (N.Y. 1998); *Monaghan v. SZS 33 Assocs., L.P.*, No. 89 Civ. 4900 (RWS), 1995 WL 10843, at *3-5 (S.D.N.Y. Jan. 12, 1995).

                    Respectfully submitted,
                    /s/ *Neil Merkl*
                    Neil Merkl

cc:  counsel of record (via ECF)