# CHARLES P. RANDALL
ATTORNEY AT LAW
8000 NORTH FEDERAL HWY., SUITE 330
BOCA RATON, FLORIDA 33487
TELEPHONE (561) 750-5050
FAX (561) 750-7272
*WWW.CPRATTORNEY.COM*
E-MAIL: *CHUCK@CPRATTORNEY.COM*

CHARLES P. RANDALL            DECEMBER 28, 2011
ADMITTED TO PRACTICE IN
FLORIDA & CALIFORNIA

VIA CM/ECF

Honorable Frederic Block
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

RE:   Berkshire Settlements v. Ashkenazi, et al., Case No.: 09 CV 0006 (FB) (JO)

Dear Judge Block:

     Pursuant to your Memorandum And Order filed November 29, 2011, Plaintiffs and John Hancock agree that the amount of premium required to bring the Policy up to date is $1,025,121.82. My clients are ready and able to pay to John Hancock the premiums on the Policy. I have been in contact with opposing counsel who has provided a breakdown of the deferred premiums and I have requested wire instructions for the payment.

     Plaintiffs and John Hancock agree that an immediate payment by Plaintiffs, and the acceptance thereof and any action to put the Policy back in force by John Hancock, will not have any impact on the parties' respective appellate rights with respect to the Court's November 29 Order, which the parties wish to preserve.

     The Plaintiffs desire to pursue their claim against Mr. Ashkenazi for the premiums he intentionally failed to pay. Given the fact that he has been defaulted, I do not anticipate that the present action will need to go forward in any significant respect past the damage prove up stage. As to the other defendants, the Plaintiffs wish to pursue a claim for attorney's fees and costs against Defendant Hancock but do not intend on pursuing any other claim against any of the remaining Defendants.

     John Hancock has advised me that it objects to a claim for attorney's fees and costs and does not believe they are recoverable under the "American Rule" as applied in New York under the circumstances here.[1] In the event the Court is inclined to consider the attorney's fees and

---

[1] John Hancock's position is that, under the American Rule, an insured may not recover attorney's fees for breach of an insurance policy. *See Woodworth v. Erie Ins. Co.*, No. 05-CV-6344CJS, 2009 WL 1652258, at *5 (W.D.N.Y. June 12, 2009), modified on other grounds, 2009

Letter to Hon. Frederick Block
Dated December 27, 2011
Page 2

costs issue, John Hancock requests leave to file a short letter brief to address it.

The Plaintiffs respectfully point out that the "American Rule," as recently applied by the courts in New York, has undergone a significant judicial evolution within the meaning of "consequential" damages relating to attorneys fees.[2] As the parties have agreed to preserve their respective appellate rights, a determination on this point may advance overall judicial economy.

John Hancock's counsel has reviewed this letter and consents to my filing of it.


Sincerely,
/s/ Charles P. Randall
Charles P. Randall
cc:     Counsel
        Berkshire Settlements, Inc.
        Church Street Nominees LTD.
        Assured Fund

---

WL 3671930 (W.D.N.Y. 2009); *Harriprashad v. Metro. Prop. & Cas. Ins. Co.*, No. 09-CV-3105 (ENV)(ALC), 2011 WL 6337699, at *3 (E.D.N.Y. Nov. 17, 2011) (citing *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 (1995)). While "consequential damages" may be recoverable when the insurer breaches its duty of good faith and fair dealing, this exception is "not relevant" where a plaintiff does not allege bad faith. *Haym Salomon Home for the Aged, LLC, v. HSB Group, Inc.*, No. 06-CV-3266(JG)(JMA), 2010 WL 301991 at *5, n.1, (E.D.N.Y. Jan 20, 2010). Plaintiffs rely on three bad faith cases and have not cited a single case that applies this exception in the life insurance context. Here, Plaintiffs have not alleged nor proven bad faith by John Hancock or requested attorney's fees in their complaint. (ECF No. 152, ¶¶ 60-64.) Moreover, courts have held that the consequential damages exception does not "alter in the insurance context the traditional American rule that each party should bear its own attorney's fees." *Woodworth*, 2009 WL 1652258, at *5. *See also Harriprashad*, 2011 WL 6337699, at *2-3; *Handy & Harman v. American Int'l Group, Inc.*, No. 0115666/2007, 2008 WL 3999964, at *5-6 (N.Y. Sup. Ct. N.Y. Cty. Aug. 25, 2008). The exception permitting consequential damages in bad faith cases, therefore, is "not relevant". Plaintiffs' fourth case, *JM Electrical Corp. v. Nationwide Mut. Fire Ins. Co.*, No. 100712/2009, 2010 WL 2262276 (Sup. Ct. N.Y. Cty. May 28, 2010), is inapplicable because the policy at issue covered the insured's contractual indemnity to a third party, including attorney's fees and litigation expenses.

[2] See, *Chernish v. Massachusetts Mutual Life Insurance Co.*, 2009 WL 385418 (N.D.N.Y.Feb. 10, 2009); *J.M. Electrical Corp. v. Nationwide Mutual Fire Insurance*, 2010 NY Slip Op 313332 (U), 2010 WL 2262276 (N.Y.Sup.Ct. May 28, 2010); *Whiteface Real Estate Development & Construction LLC v. Selective Insurance Co.*, 2010 WL 2521794 (N.D.N.Y. June 16, 2010); *Quick Response Commercial Division LLC v. Travelers Property Casualty Co.*, 2009 WL 3334600 (N.D.N.Y. Oct 14, 2009).