UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BERKSHIRE SETTLEMENTS, INC., a Georgia
Corporation, and CHURCH STREET
NOMINEES LTD., an Isle of Man
Corporation, and ASSURED FUND, a
Cayman Islands Corporation,

                Plaintiffs,

  -against-

ALEXANDER ASHKENAZI, an Individual
and as Trustee for HALPERT ALEXANDER
TRUST, a New York Trust, MALI HALPERT,
and Individual, JOHN HANCOCK LIFE
INSURANCE COMPANY, a Massachusetts
Corporation, CAMBRIDGE LIFE
SETTLEMENTS, LLC, a New York
Corporation, GLOBAL LIFE SETTLEMENTS,
INC., a New York Corporation, and JOEL
ECKSTEIN, an Individual,

                Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-0006 (FB) (JO)

*Appearances*:
*For the Plaintiffs*:
CHARLES P. RANDALL, ESQ.
1200 North Federal Highway, #209
Boca Raton, Florida 33432

**BLOCK, Senior District Judge:**

        On August 23, 2012, Magistrate Judge James Orenstein issued a report and recommendation ("R&R") recommending that a default judgment be entered against defendant Alexander Ashkenazi in the amount of $98,286.12. The R&R recited that "[a]ny objections . . . must be filed no later than September 12, 2012," and advised that "[f]ailure

to file objections within this period . . . waives the right to appeal the district court's order." R&R at 9.

The R&R was served on Ashkenazi at his last known address. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

The R&R contains no error, let alone plain error. Accordingly, the Court adopts it without *de novo* review. The Clerk shall enter judgment accordingly.

**SO ORDERED**.

/s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

October 16, 2012
Brooklyn, New York

2